UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LEONARDO JOSE PEREZ YUSTI,

               Petitioner,

v.

KEVIN RAYCRAFT et al.,

               Respondents.
_____/

Case No. 1:26-cv-1055

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### **Discussion**

**I.**      **Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.20.) In an order entered on April 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the

February 17, 2026, bond hearing on April 7, 2026, (Resp., ECF No. 5; Recording of Feb. 17, 2026, Bond Hearing, filed on Apr. 7, 2026), and Petitioner filed his reply on April 9, 2026, (ECF No. 6).

## II.    Factual Background

Petitioner is a citizen of Venezuela who entered the United States in 2023. (Pet., ECF No. 1, PageID.7; 2023 Form I-589; ECF No. 1-3, PageID.59.) On January 18, 2026, Petitioner was arrested and detained by ICE. (Pet., ECF No. 1, PageID.7.)

On January 27, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Perez Yusti v. Raycraft* (*Perez Yusti I*), No. 1:26-cv-299 (W.D. Mich.). In *Perez Yusti I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Perez Yusti*, (W.D. Mich. Feb. 9, 2026), (ECF Nos. 6, 7).

On February 17, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.3.) At the conclusion of the hearing, the Immigration Judge (IJ) denied Petitioner's request for bond because, "The burden of proof lies with the [Petitioner] to establish eligibility for bond and individuals must demonstrate they do not pose a danger or flight risk." (Order of the IJ, ECF No. 1-2, PageID.25.) The IJ found Petitioner was a flight risk because there was insufficient evidence to show that Petitioner applied to extend his Temporary Protected Status, Petitioner's asylum application and any relief was "speculative," and Petitioner had only been in the United States for a short period of time. (*Id.*)

## III.    Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on

the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at \*2 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:      April 28, 2026                          /s/ Jane M. Beckering
                                                    Jane M. Beckering
                                                    United States District Judge

3